```
 1 | RANDY S. GROSSMAN
   | Acting United States Attorney
 2 | NICOLE E. BREDARIOL
   | Special Assistant United States Attorney
 3 | Massachusetts Bar No. 696484
   | Federal Office Building
 4 | 880 Front Street, Room 6293
   | San Diego, California 92101-8893
 5 | Telephone: (619) 546- 8914
   | Email: Nicole.bredariol@usdoj.gov
 6 |
   | Attorneys for Plaintiff
 7 | UNITED STATES OF AMERICA
```

**FILED**
AUG 1 1 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20-CR-3146-WQH |
| --- | --- |
| Plaintiff, | 21-CR-344-WQH |
| v. | PLEA AGREEMENT |
| LUCIO APPLETON LEWIS(1), | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, Nicole Bredariol, Special Assistant United States Attorney, and Defendant LUCIO APPLETON LEWIS, with the advice and consent of Antony Colombo, Jr., counsel for Defendant, as follows:

//
//
//
//
//
//
//
//

# I

## THE PLEA

Defendant agrees to plead guilty to the sole Count of Indictment in case 20-CR-3146-WQH and Counts 2 and 4 of the Indictment in case 21-CR-344-WQH charging defendant with:

### Sole Count of 20-CR-3146-WQH

Beginning at a date unknown to the grand jury and continuing up to and including the date of this indictment, within the countries of Colombia, Costa Rica, and elsewhere, defendant LUCIO APPLETON LEWIS who will first enter the United States in the Southern District of California, did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury, to distribute and cause the distribution of a controlled substance, to wit: 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; intending, knowing and having reasonable cause to believe that such cocaine would be unlawfully imported into the United States; all in violation of Title 21, United States Code, Sections 959, 960 and 963.

### Count 2 of 21-CR-344-WQH

On or about January 27, 2021, on board a vessel subject to the jurisdiction of the United States, while on the high seas, defendants LUCIO APPLETON LEWIS, CRISTOBAL SANCLEMENTE FARRUFIA, and YONSON RENTERIA CUERO, did knowingly and intentionally possess, with intent to distribute, 5 kilograms and more, to wit: approximately 1,560 kilograms (3,432 pounds) of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 46, United States Code, Section 70503, and Title 18, United States Code, Section 2.

### Count 4 of 21-CR-344-WQH

On or about January 27, 2021, on board a vessel subject to the jurisdiction of the United States, while on the high seas, defendants LUCIO APPLETON LEWIS, CRISTOBAL SANCLEMENTE FARRUFIA, and YONSON RENTERIA CUERO, did knowingly and intentionally operate, by any means, and embark in a semi-submersible vessel that is without nationality and that is navigating and has navigated into, through, and from waters beyond the outer limit of the territorial sea of a single country and a lateral limit of

that country's territorial sea with an adjacent country, with the intent to evade detection; in violation of Title 18, United States Code, Sections 2285 and 2.

In exchange for defendant's guilty plea and sentencing on the sole Count of Indictment in case 20-CR-3146-WQH and Counts 2 and 4 of the Indictment in case 21-CR-344-WQH and provided defendant complies fully with all the terms in this plea agreement, the Government agrees to (1) move to dismiss Counts 1 and 3 of the Indictment in case 21-CR-344-WQH without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason.  If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

Defendant agrees to waive any potential argument that venue in the Southern District of California is not proper.

## II

## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

Defendant understands that the offense to which Defendant is pleading guilty has the following elements:

### Sole Count of 20-CR-3146-WQH

1. There was an agreement between two or more persons to distribute a controlled substance outside the United States knowing and intending that the controlled substance would be imported into the United States;
2. Defendant joined in the agreement knowing of is purpose and intending to help accomplish that purpose.

In addition, although not elements, for purposes of sentencing, the Government would have to prove beyond a reasonable doubt that the amount of cocaine involved in the agreement was at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine. The Government must also prove beyond a reasonable doubt that the type and quantity of drugs fell within the scope of Defendant's agreement and was reasonably foreseeable to him.

### Count 2 of 21-CR-344-WQH

1. Defendant knowingly possessed cocaine;
2. Defendant possessed it with the intent to distribute it to another person;
3. At the time, the cocaine was on board a vessel subject to the jurisdiction of the United States.

In addition, although not elements, the Government would have to prove beyond a reasonable doubt that the collective weight of the cocaine on board the vessel was 5 kilograms and more, to wit: approximately 1,560 kilograms (3,432 pounds).

### Count 4 of 21-CR-344-WQH

1. Defendant was onboard a vessel subject to the jurisdiction of the United States;

4

Def. Initials

20-CR-3146/21-CR-344-WQH

    2.    The Defendant operated or embarked in a semi-submersible vessel in international waters;

    3.    The Defendant did so knowingly and with intent to evade detection.

B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

### 20-CR-3146-WQH

    1.    In 2019, 2020, and 2021, Defendant participated in a drug trafficking venture wherein he and others coordinated the transportation of more than 450 kilograms of cocaine, a Schedule II controlled substance, from Colombia to Costa Rica, Panama, and other countries in Central and South America, where said cocaine was ultimately destined for the United States. As part of this venture, Defendant and others distributed the cocaine to individuals in Colombia, Costa Rica, Panama, and elsewhere.

    2.    Defendant intended and had reasonable cause to believe that five kilograms or more of the cocaine shipped would be unlawfully transported into the United States.

    3.    Defendant admits that he agreed to distribute more than five kilograms of cocaine and that this type and quantity of drugs was within the scope of Defendant's agreement and was reasonably foreseeable to him.

Def. Initials
20-CR-3146/21-CR-344-WQH

21-CR-344-WQH

4. On or about January 27, 2021, Defendants LUCIO APPLETON LEWIS, CRISTOBAL SANCLEMENTE FARRUFIA, and YONSON RENTERIA CUERO, knowingly and intentionally possessed approximately 1,560 kilograms of cocaine on board a semi-submersible vessel with the intent to distribute it to another person.

5. Defendant LUCIO APPLETON LEWIS further agrees that on or about January 27, 2021, he operated and was embarked on a semi-submersible vessel without nationality, on the high seas, in international waters, off the coast of Panama, in the Eastern Pacific Ocean.

6. Defendant operated and was embarked on a semi-submersible vessel knowingly and with the intent to evade detection, as evidenced by its construction which allowed it to operate with most of its hull and bulk under the surface of the water, its coloring, and its difficulty to detect by radar or visually.

7. Defendant also agrees that the United States could prove beyond a reasonable doubt at trial that verbal claim of Colombian nationality was made by the master of the semi-submersible vessel, but that Colombia could neither confirm nor deny the claim of registry or nationality, thus rendering the vessel without nationality and subject to the jurisdiction of the United States.

//

## III

## **PENALTIES**

The crimes to which Defendant is pleading guilty carry the following penalties, which may be imposed consecutively, as to:

### Sole Count of 20-CR-3146-WQH

A. a maximum life in prison and a mandatory minimum 10 years;
B. a maximum $10,000,000 fine;
C. a mandatory special assessment of $100 per count; and
D. a term of supervised release of at least 5 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

### Count 2 of 21-CR-344-WQH

A. a maximum life in prison and a mandatory minimum 10 years;
B. a maximum $10,000,000 fine;
C. a mandatory special assessment of $100 per count; and
D. a term of supervised release of at least 5 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

### ~~COUNT 4 of 21-CR-344-WQH~~

A. a maximum 15 years in prison;
B. a maximum $250,000 fine;
C. a mandatory special assessment of $100 per count; and

---

Case 3:21-cr-00344-WQH  Document 52  Filed 08/11/21  PageID.148  Page 8 of 17

a.  a term of supervised release of not more than 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.  Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

//
//
//
//

8

Def. Initials ___

20-CR-3146/21-CR-344-WQH

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the

Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

```
1. Base Offense Level [§ 2D1.1(c)(1)]                        38
2. Use of a Semi-Submersible vessel [§ 2D1.1(b)(3)]          +2
3. Safety Valve [§ 2D1.1(b)(18)]                             -2*
4. Acceptance of Responsibility [§ 3E1.1]                    -3
                                                   Total     35
```

*If defendant truthfully discloses to the government all information and evidence the defendant has concerning the offense and relevant conduct, and if defendant otherwise qualifies for the "safety valve" in § 5C1.2, the government will recommend a two-level reduction under § 2D1.1(b)(18), and relief from any statutory mandatory minimum sentence pursuant to § 5C1.2. Defendant understands that if he does not qualify for § 5C1.2, defendant may be subject to a statutory mandatory minimum sentence.

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A. above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

1. Except as described in paragraph C2, Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government

will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

2. The defendant may not seek any additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553 based on the defendant's transportation or detention before his initial appearance in the Southern District of California. This includes, but is not limited to, arguments based on the conditions of detention while at sea or the amount of time detained at sea before the initial appearance.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend Defendant be sentenced to 180 months imprisonment, concurrent.

G. SPECIAL ASSESSMENT/FINE

1. Special Assessment

~~The parties will jointly recommend that Defendant pay a special~~ assessment in the amount of $300.00 to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.  **Fine**

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.  **SUPERVISED RELEASE**

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exceptions are 1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing, and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or ~~restitution order actually imposed.~~

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim

14

Def. Initials [initials]
20-CR-3146/21-CR-344-WQH

that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the ~~Government may proceed to sentencing but recommend a different sentence~~ than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled

indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XVI

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

RANDY S. GROSSMAN
Acting United States Attorney

8/2/2021
DATED

*Nicole Bredariol*
NICOLE BREDARIOL
Special Assistant U.S. Attorney

7/30/21
DATED

ANTHONY COLOMBO JR.
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

7/30/21
DATED

LUCIO APPLETON LEWIS
Defendant

Approved By:

*Victor P. White*
VICTOR P. WHITE
Assistant U.S. Attorney

17

Def. Initials
20-CR-3146/21-CR-344-WQH